IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

------------------------------------- x
UNDER ARMOUR, INC.                   :
                                     :
            Plaintiff,               :
                                     :   Civil Action No. 1:12-cv-01283-JKB
      v.                             :
                                     :
BODY ARMOR NUTRITION, LLC.           :
                                     :
            Defendant.               :
                                     :
------------------------------------- x

### AGREEMENT FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

The undersigned parties to this action, by and through their respective counsel, stipulate and agree as follows:

**I.   DEFINITIONS**

1.   "Party" means every party to this action and every director, officer, and managing agent of every party to this action.

2.   "Non-Party" means every person or entity not a party to this action that provides information, either testimonial or documentary, for use in this litigation through discovery or otherwise.

3. The designation "Confidential" may be applied by a Party or Non-Party to any type of information that the Party or Non-Party believes in good faith constitutes, contains, reveals, or reflects proprietary or confidential financial, business, technical, personnel, or other information.

4. The designation "Highly Confidential—Attorneys Eyes Only" may be applied by a Party or Non-Party to any type of information that it believes in good faith would, or might reasonably have a tendency to, cause harm to the business operations of the disclosing Party or Non-Party or provide improper advantage to others, if disclosed to the public or other party without the restrictions set forth herein. In designating information as "Highly Confidential—Attorneys Eyes Only" the disclosing party will make such designation only as to that information that it believes in good faith constitutes, contains, reveals, or reflects proprietary or confidential information.

5. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

## II.   TERMS OF THE PROTECTIVE ORDER

6. In connection with this action, any Party, by written notice, may designate any non-public document, material, or information as "Confidential" and "Highly Confidential—Attorneys Eyes Only" under the terms of this Agreement.

2

7.   Any document, material or information to be designated "Confidential" may be so designated by stamping the document, material or information with the legend CONFIDENTIAL prior to its production or, if stamping is not practical, as otherwise agreed to by counsel. Any document, material or information to be designated "Highly Confidential—Attorneys Eyes Only" may be so designated by stamping the document, material or information with the legend HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY prior to its production or, if stamping is not practical, as otherwise agreed to by counsel.

8.   In the event counsel for a Party receiving documents, material, or information designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only" objects to such designation of any or all of such items or class of items, said counsel shall provide the Party or Non-Party witness producing the items or designating the items as "Confidential" or "Highly Confidential—Attorneys Eyes Only" written notice of such objections and the reasons therefor. If the producing or designating Party disputes the receiving Party's objections, all the items shall be treated as "Confidential" or "Highly Confidential—Attorneys Eyes Only" pending a resolution of the dispute as to confidentiality. The Parties shall attempt in good faith to resolve any dispute as to confidentiality. If they are unable to resolve such dispute, it shall be the obligation of the Party producing the items designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only" to move for a ruling regarding the propriety of the designation.

3

9.  Any deposition testimony, and any transcription thereof, and/or any document produced in response to a deposition subpoena may be designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only" in whole or in part, and shall be treated as "Confidential" or "Highly Confidential—Attorneys Eyes Only" and subject to the confidentiality provisions hereof. Such designation should be made no later than thirty (30) days after receipt of the transcript by the designating Party. If counsel for a Party believes that questions asked of a witness being examined during a deposition will disclose Confidential or Highly Confidential—Attorneys Eyes Only information of his or her client, or that the answer to any question requires such disclosure, or if documents to be used as exhibits during the examination contain such information, counsel shall so notify opposing counsel and the deposition of such witness, or portions thereof, shall be taken only in the presence of appropriate persons as defined in Paragraphs 10-11 below, counsel for the witness, if any, the stenographic reporter, and the officers or employees of the Party whose Confidential or Highly Confidential—Attorneys Eyes Only information is being disclosed.

10. Documents or material (including portions of depositions transcripts) designated as "Confidential" or information derived there from, may only be disclosed or made available by a Party receiving such information to "Qualified Persons," who are defined to consist solely of:

    a.  The Court and Court personnel (at any trial or oral hearing and in the manner provided herein);

4

b.     Counsel of record (i.e., counsel who has entered an appearance in the case) in this matter to the Parties to this action and the paralegal, clerical and secretarial staff employed by such counsel to the extent such persons have been advised of and have agreed to the terms of this Agreement;

c.     Court reporters to the extent such persons have been advised of and have agreed to the terms of this Agreement;

d.     Individuals whom counsel in good faith believes may be designated as witnesses in this litigation and/or witnesses at any deposition in this action to the extent such persons have been advised of and have agreed to the terms of this Agreement;

e.     Experts, consultants, and/or advisors of any kind consulted by the Parties or their counsel in connection with this litigation, whether or not retained to testify at trial; provided that prior to the disclosure to such expert and/or advisor of any document, information or material designated as "Confidential," or information derived therefrom, counsel for the Party proposing to make such disclosure shall deliver a copy of this Agreement to the expert, consultant, and/or adviser and shall secure the signature of the expert, consultant, and/or advisor on a certificate in the form attached hereto as Exhibit A. The provisions of this paragraph shall also apply to persons employed by experts, consultants, and/or advisors. It shall be the obligation of such counsel to retain a copy of all certificates executed pursuant to this paragraph.

5

  f. Two representatives from each Party to the extent such persons have signed, prior to any disclosure, a certificate in the form attached hereto as Exhibit B.

11. Documents or material (including portions of depositions transcripts) designated as "Highly Confidential—Attorneys Eyes Only" or information derived there from, may only be disclosed or made available by a Party receiving such information to:

  a. The Court and Court personnel (at any trial or oral hearing and in the manner provided herein);

  b. Counsel of record in this matter to the Parties to this action and the paralegal, clerical and secretarial staff employed by such counsel to the extent such persons have been advised of and have agreed to the terms of this Agreement;

  c. Court reporters to the extent such persons have been advised of and have agreed to the terms of this Agreement;

  d. Experts, consultants, and/or advisors of any kind consulted by the Parties or their counsel in connection with this litigation, whether or not retained to testify at trial; provided that prior to the disclosure to such expert, consultant, and/or advisor of any document, information or material designated as "Highly Confidential—Attorneys Eyes Only," or information derived therefrom, counsel for the Party proposing to make such disclosure shall deliver a copy of this Agreement to the expert and/or advisor and shall secure the signature of the

6

expert, consultant, and/or advisor on a certificate in the form attached hereto as Exhibit A. The provisions of this paragraph shall also apply to persons employed by experts and/or advisors. It shall be the obligation of such counsel to retain a copy of all certificates executed pursuant to this paragraph.

12. Documents and materials designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only" or information derived therefrom shall be used by the persons receiving them only for the purposes of this action.

13. The initial failure of a Party to designate information as "Confidential" or "Highly Confidential—Attorneys Eyes Only" in accordance with this Order shall not preclude any Party or Non-Party, at a later date, from so designating the documents or testimony and to require such documents or testimony to be treated in accordance with such designation from that time forward. If such "Confidential" or "Highly Confidential—Attorneys Eyes Only" information has previously been disclosed to persons no longer qualified after such designation, the disclosing Party shall take reasonable efforts to obtain all such previously disclosed "Confidential" or "Highly Confidential—Attorneys Eyes Only" material, advise such persons of the claim of confidentiality, and have such persons execute the Non-Disclosure Agreement attached hereto as Exhibit A. Disclosure of the information prior to its designation as "Confidential" or "Highly Confidential—Attorneys Eyes Only" is not a violation of this Order.

14. Documents and things containing "Confidential Information" or "Highly Confidential—Attorneys Eyes Only Information" may be redacted if the producing Party reasonably believes in good faith that the redacted information is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Each such redaction, regardless of size, shall be clearly labeled "Redacted - Non-Responsive." This shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

15. A Party may object to any redaction based on non-responsiveness by giving outside counsel of record for the producing Party written notice of its reasons for the objection. The Parties shall thereafter meet and confer in good faith to resolve the dispute. If the Parties are unable to resolve the dispute on their own, the objecting Party may move the Court for an Order changing or removing the redaction. The producing Party has the burden of showing that the redaction is appropriate. The redacted information shall remain redacted until the matter is resolved by the Court or agreement of the Parties.

16. If any producing Party discovers that it has inadvertently failed to redact non-responsive material which it believes in good faith is both (1) competitively sensitive and (2) neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, the producing Party may give written notice to the receiving Party that the document requires redaction and request that the receiving Party return the document to the producing Party.

8

17.     Unless the producing Party claims that the entire document is subject to redaction pursuant to the above, the producing Party shall, together with its written notice, produce a copy of the document with the claimed non-responsive material redacted. Within three (3) business days of receiving written notice and a copy of the document with the applicable material redacted, the receiving Party shall return to the producing Party all copies of such document and shall return or destroy all excerpts thereof.

18.     Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly deemed non-responsive, nor shall it foreclose the receiving Party from moving for an order that such document has been improperly redacted.

19.     To the extent that any documents or material (including portions of deposition transcripts) subject to this Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and documents, or any portion thereof which discloses information designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only," shall be filed under seal (by the filing Party) with the Clerk of the Court in an envelope marked – SEALED PURSUANT TO THE COURT ORDER – together with a simultaneous motion pursuant to Local Rule 104.13(c) (hereinafter, the Interim Sealing Motion). The Interim Sealing Motion shall be governed by Local Rule 105.11. Even if the filing Party believes that the materials subject to this Order are not properly classified as "Confidential" or "Highly Confidential—Attorneys Eyes Only," the filing Party shall file the Interim Sealing

Motion, provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing Party's rights to object to a designation of confidentiality.

20. Each non-lawyer given access to documents, material, or information designated "Confidential" or "Highly Confidential—Attorneys Eyes Only" pursuant to the terms hereof shall be advised that the documents, material, or information are being disclosed pursuant to and subject to the terms of this Agreement and may not be disclosed other than pursuant to the terms hereof.

21. The Parties by written stipulation may provide for exceptions to this Order and any Party may seek an order of this Court modifying this Order. This Order shall be without prejudice to either Party to bring before the Court at any time the question of whether any particular information is or is not in fact "Confidential" or "Highly Confidential—Attorneys Eyes Only." Upon such hearing, the Party asserting "Confidential" or "Highly Confidential—Attorneys Eyes Only" status shall have the burden of establishing same.

22. Upon settlement or termination of this action, including all appeals, each Party shall return to counsel for the producing Party or destroy, at the option of the producing Party, all documents or material designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only" and all copies thereof. If the documents are destroyed, the Party or Parties causing the destruction of the documents or material shall represent in writing to the producing Party that the documents or materials were

destroyed. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

23. In the event any Non-Party seeks access from a receiving Party to documents or other material designated as "Confidential," "Highly Confidential—Attorneys Eyes Only," or to information derived therefrom, that receiving Party shall: (a) notify the producing Party in writing of the Non-Party's request, within three (3) business days of such request, and (b) not produce, grant access or otherwise make available any such documents, material or information, unless authorized in writing by the producing Party, or until ordered to do so by a court of competent jurisdiction.

24. This Order shall not preclude the Parties or their attorneys from making any applicable claims of privilege at any time. If a producing Party inadvertently discloses to a receiving party information that is privileged, said producing Party shall promptly upon discovery of such disclosure so advise the receiving Party in writing and request that the item(s) of information be returned, and no Party to this action shall thereafter assert that such disclosure waived any privilege. It is further agreed that the receiving Party will return such inadvertently produced item(s) of information and all copies thereof within three (3) business days of receiving a written request for the return of such item(s) of information.

25. Nothing in this Order shall bar or otherwise prevent any attorney herein from rendering advice to his or her client with respect to this litigation, and in the course

thereof, from relying upon his or her examination or knowledge of confidential information and any information derived therefrom; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not make specific disclosures of, provide, or show copies of any confidential information produced by another Party or Non-Party herein to any person who is not authorized to receive such information under the provisions of this Order.

26. No Party shall be bound by this Order as to any information: (i) that is lawfully obtained independently of this litigation; or (ii) that is generally known to the public, provided that such information was not obtained or made public in violation of this or any other obligation of confidentiality.

27. The dismissal of any defendant, the final determination or the settlement of this action shall not relieve any person who has received documents, material or information designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only," or information derived therefrom, from the obligations imposed by this Agreement. This Agreement shall remain in full force and effect.

28. This Agreement shall be deemed effective immediately, and the Parties shall present this Agreement to the Court for entry as a protective Order. This Agreement shall be binding whether or not it is accepted as an order of court.

29. Any persons having access to materials designated as "Confidential" or "Highly Confidential—Attorneys Eyes Only" consent to jurisdiction and venue in the United

12

States District Court for the District Maryland, depending on where the action is then pending, for any matters arising out of this Agreement.

30. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same document; provided, however, that this Agreement shall not be effective as to any Party unless and until the Party shall have executed it.

Dated: September 6, 2012

UNDER ARMOUR, INC

/s/ Douglas A. Rettew

Douglas A. Rettew
Danny M. Awdeh
Mark Sommers
FINNEGAN, HENDERSON,
  FARABOW, GARRETT &
  DUNNER, L.L.P.
901 New York Ave, N.W.
Washington, D.C. 20001-4413
Ph. (202) 408-4000
Fax. (202) 408-4400

Dated: September 5, 2012
  New York, NY
BODY ARMOR NUTRITION, LLC

/s/ Yeugenia Shvets

David H. Bernstein (dhbernstein@debevoise.com)
Jyotin Hamid (jhamid@debevoise.com)
Yeugenia (Jane) Shvets (jshvets@debevoise.com)
Amanda M. Bartlett (ambartlett@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000 (tel)
(212) 909-6836 (fax)

Donald A. Rea (Fed. Bar No. 23194)
SAUL EWING LLP
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Tel: (410) 332-8600
drea@saul.com

Jeffrey R. Cohen (Fed. Bar No. 13869)
MILLEN, WHITE, ZELANO & BRANIGAN, P.C.
2200 Clarendon Blvd., Suite 1400
Arlington, VA 22201
Tel: (703) 243-6333
cohen@mwzb.com

*Attorneys for Defendants*
*Body Armor Nutrition, LLC*

/s/ James K. Bredar  9/21/12

Hon. James K. Bredar
U.S. District Court Judge