**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| UNDER ARMOUR, INC., )<br>)<br>                            )    Civil Action No.<br>Plaintiff,   )    1:12-cv-01283-JKB<br>)<br>v.                      )<br>)<br>BODY ARMOR NUTRITION, LLC., )<br>)<br>Defendant.   )<br>) | |

## CONSENT MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff Under Armour, Inc. ("Under Armour") moves for leave to file its First Amended Complaint. A clean copy of the proposed First Amended Complaint and a redlined version of that Complaint showing the proposed changes are attached as Exhibits 1 and 2, respectively.

Under Armour seeks leave to amend its Complaint to add Defendant Body Armor Nutrition, LLC's ("Body Armor") Trademark Application Serial Nos. 85648962 and 85623477 for the infringing marks BODYARMOR and SUPERARMOR, which were filed after Under Armour's original Complaint was filed, and to add other new facts pertaining to Body Armor's unlawful activities. Under Armour's request for leave to amend is made by the October 15, 2012 deadline to amend pleadings set by the Court's Scheduling Order. Body Armor has consented to, and will not oppose, this Motion.

A party may amend its pleadings with the court's leave, and courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian*

*v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010).  Indeed, it is well settled "that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (emphasis in original)).

Here, Body Armor has consented to and will not be prejudiced by the filing of the First Amended Complaint.  Moreover, Under Armour's amendments are not made in bad faith and are not futile.  Rather, they are made to seek relief from Body Armor's additional infringing activities, including its newly filed applications for infringing trademarks.

For these reasons, Under Armour respectfully requests that its Motion be granted, and that the First Amended Complaint attached as Exhibit 1 be deemed filed and served upon the granting of this Motion pursuant to Local Rule 6(a).

Dated:  October 15, 2012                           Respectfully submitted,


/s/Douglas A. Rettew
Douglas A. Rettew (29815)
Mark Sommers
Danny M. Awdeh
FINNEGAN, HENDERSON,
  FARABOW, GARRETT &
DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
(202) 408-4000 (phone)
(202) 408-4400 (fax)
Email: doug.rettew@finnegan.com
Email: mark.sommers@finnegan.com
Email: danny.awdeh@finnegan.com

Attorneys for Plaintiff
Under Armour, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on October 15, 2012 counsel of record was served with a copy of the foregoing CONSENT MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT via the Court's CM/ECF system per Local Rule 102(1)(c).

/s/ Douglas A. Rettew