**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

JILLYN K. SCHULZE
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
SUITE 335
GREENBELT, MARYLAND 20770
(301) 344-0630
Fax:  (301) 344-0629

December 14, 2012

**FILED VIA CM/ECF**

Douglas Rettew, Esquire
Danny Awdeh, Esquire
Amanda Bartlett, Esquire
Donald Rea, Esquire

      Re:    *Under Armour, Inc. v. Body Armor Nutrition, LLC*
             Civil No.  JKB 12-1283

Dear Counsel:

    Please be advised that a settlement conference in the above-captioned case has been scheduled for **January 23, 2013 at 10:30 a.m.** to be held in my chambers (Room 335A).  It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is <u>not</u> sufficient.  *See* Local Rule 607.3.  Please also be advised that the conference may take the entire day.

    No later than January 16, 2013, I would like to receive from each party a short letter candidly setting forth the following:

    1.  Facts you believe you can prove at trial;

    2.  The major weaknesses in each side's case, both factual and legal;

    3.  An evaluation of the maximum and minimum damage awards you believe likely;

    4.  The history of any settlement negotiations to date; and

    5.  Estimate of attorney's fees and costs of litigation through trial.

    The letters may be submitted *ex parte* and will be solely for my use in preparing for the settlement conference.  I also will review the pleadings in the court file.  Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify.  If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a

Counsel
*Under Armour, Inc. v. Body Armor Nutrition, LLC*
Civil No.  JKB 12-1283
December 14, 2012
Page 2


   The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d); Local Rule 607.4.

 Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

              Very truly yours,

                /S/

              Jillyn K. Schulze
              United States Magistrate Judge

---

judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement.  The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters.  Therefore, please discuss these items with your client before appearing for the settlement conference.