DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

May 9, 2013


VIA ECF

The Honorable James K. Bredar
U.S. District Judge
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201


**Under Armour, Inc. v. Body Armor Nutrition, LLC**
**Civil Action No. 1:12-CV-01283-JKB**


Dear Judge Bredar,

        We represent defendant Body Armor Nutrition, LLC ("Body Armor") in the
above-referenced action, and we write in response to the letter filed earlier today by
counsel for Under Armour, Inc. ("UA").  UA "urgently" requests that the imminent May
15 deadline for filing summary judgment motions be adjourned for an indefinite period.
As detailed below, Body Armor opposes UA's last-minute request because (1) it is
untimely, and (2) there is no legitimate reason why summary judgment motion practice
should be indefinitely postponed.  Body Armor, therefore, respectfully requests that the
Court deny UA's application and order that both Parties' summary judgment motions are
due on May 15, 2013, as agreed by the Parties.[1]

---

[1]    UA's claim that its summary judgment motion would not be due until 17 days after
       Body Armor's is disingenuous and misleading.  On March 19, 2013, the Parties
       conferred regarding their Joint Status Report and specifically agreed that they would
       cross-move for summary judgment on the court-mandated deadline, rather than
       engage in sequential briefing.  That understanding is reflected in the Parties'
       statement in the Joint Status Report that they "intend to cross-move for partial
       summary judgment" [Dkt. 48] and in the joint request to extend the dispositive
       motions deadline to May 15, 2013 [Dkt. 49].  At no point, including in the
       conference call between the Parties this morning, did UA indicate that it had a
       different understanding of the deadline.

Hon. James K. Bredar                           2                            May 9, 2013


Although not relevant to the issue to be decided by the Court presently, Body Armor notes for the record that the factual assertions set forth in UA's letter are inaccurate in numerous respects, and that UA's characterizations of the deposition testimony of Andrew Lloyd are misleading.


## UA's Motion Is Untimely.

Any "emergency" in the relief sought by UA is entirely of UA's own making. UA bases its "emergency" request on its intention to file a supposed motion to compel. As UA admits, the basis for its anticipated motion to compel is testimony given at the deposition of Andrew Lloyd more than five weeks ago, on April 3. UA has been threatening to file a motion based on Mr. Lloyd's April 3 testimony for the past five weeks but has yet to do so.

On April 5, UA's counsel wrote a letter to us (attached hereto) that in many respects is identical to UA's letter to the Court today. In the April 5 letter, UA requested that Body Armor agree to trial sanctions, including jury instructions directing the jury to find that confusion is rampant and preclusion of Body Armor's survey evidence at trial. Neither in the April 5 letter, nor in the subsequent meet and confer discussions, did UA make any request to postpone the summary judgment deadline or for any additional discovery.

When Body Armor declined to agree to UA's proposed trial sanctions, UA, as it does again today, attempted to resolve the dispute by resorting to the Court's emergency procedures. Body Armor opposed this attempt to circumvent the regular process set out in the Local Rule 104(8), and on April 17, the Parties held a conference call with the Court. At the April 17 conference, UA confirmed that it was not seeking additional discovery, but rather was seeking a court-ordered finding that confusion is rampant. UA did not at that time request any adjournment of the summary judgment motion schedule. The Court did not grant UA any relief, and instead directed UA to follow the procedures laid out in Local Rule 104(8) if UA intended to move to compel additional discovery.

UA still has not filed any motion to compel. Nor has UA even begun the process prescribed by Local Rule 104(8), despite the Court's specific direction that such procedure be followed. Nor has UA attempted to meet-and-confer about potential additional discovery. In fact, in a conference between counsel this morning, I expressly invited UA's counsel to identify the additional discovery it seeks and indicated that Body Armor would be willing to consider any such requests in good faith. UA declined to identify any additional discovery it seeks. UA's counsel indicated, instead, that UA's anticipated motion will seek a court-ordered finding that confusion is rampant (i.e., the same relief UA sought at the April 17 conference). UA's counsel indicated that UA

Hon. James K. Bredar                          3                          May 9, 2013

would seek additional discovery "in the alternative," only if the Court denies UA's request for the court-ordered finding.

UA could have commenced the process prescribed by Local Rule 104(8) at any time since April 3.  UA certainly should have commenced that process on or after April 17, when the Court rejected UA's attempt to resort to "emergency" procedures and instead directed UA to follow that process.

Now, four business days before summary judgment motions are due, UA makes another "emergency" application for an adjournment.  UA has no excuse for failing to seek an adjournment earlier.  Because any purported emergency here is entirely of UA's own making, its last-minute attempt to circumvent the Local Rule 105 procedure for motions to extend time is improper.  Because of UA's own neglect, it is simply too late to adjourn the imminent deadline based on information which UA has had for more than five weeks.

**UA's Intended Motion Provides No Basis For**
**<u>Postponing Summary Judgment Practice Indefinitely.</u>**

Even were UA's motion to extend deadlines properly filed, UA has failed to explain why the so-called motion to compel it intends to file would necessitate the adjournment of summary judgment practice.  It would not.

UA's letter to the Court fails to specify the relief it intends to seek in its so-called motion to compel.  As noted above, however, UA's counsel confirmed this morning that the motion is actually not one to compel discovery, but rather will seek a court-ordered finding that confusion is rampant and will only seek additional discovery, in the alternative, if UA's primary request is denied.

It makes no sense to delay summary judgment indefinitely pending the outcome of such a motion.  If UA genuinely contends that it is entitled to a court-ordered finding, UA should make that argument *as part of its motion for summary judgment*.  Allowing UA to make that argument first as a mislabeled "motion to compel" and then to make a motion for summary judgment afterwards would, in effect, allow UA to make two, serial motions for summary judgment.

UA's letter notes in passing that UA's contemplated motion to compel "could result in . . . additional discovery," which is presumably a reference to the "alternative" relief UA intends to seek.  The parameters of such alternative discovery have never been communicated to Body Armor or the Court.  In all communications between UA and Body Armor that have taken place since Mr. Lloyd's deposition – including UA's April 5 letter, the subsequent meet-and-confer, the April 17 conference with the Court, and the

Hon. James K. Bredar                    4                    May 9, 2013


Parties' telephone conference today – UA never has requested additional depositions or
any other discovery.  In fact, in today's telephone conference, UA expressly declined
Body Armor's invitation to meet-and-confer regarding that issue.

        Furthermore, even were the Court to grant UA's hypothetical request for
additional discovery, that is not a proper basis for adjourning the summary judgment
deadline.  Additional discovery that UA presumably would seek relates to evidence of
actual confusion, a highly fact-specific issue that plainly is not amenable to decision on
summary judgment.  UA already has deposed a number of Body Armor employees
regarding alleged confusion and there is no reason to believe that, were UA to be given
leave to depose a few more, such depositions would eliminate any triable issue of fact
about whether consumer confusion is likely.  UA's attempt to adjourn summary judgment
deadlines on the basis that additional discovery regarding actual confusion might
eliminate issues of fact is completely speculative (indeed, far-fetched) and should be
denied.

        Body Armor, a fledgling young business, is living under the cloud of this highly
publicized lawsuit commenced by UA.  UA should not be allowed to drag out the process
through lengthy, unwarranted adjournments.  In this instance, UA does not seek an
adjournment of a week or two.  Rather, it seeks an adjournment for an indefinite period
which could easily span several months.  UA has not even served the motion to compel
or given any firm indication of when it intends to do so.  Under Local Rule 104(8), the
motion will not be filed until 28-days after UA serves it.  Given the draconian nature of
the substantive relief UA seeks, it is conceivable that the Court would take several
months to decide the motion.  Only then would summary judgment motion practice
commence.  Such a delay would be unjust and unwarranted.

        Accordingly, Body Armor respectfully requests that the Court deny UA's
application and order that both Parties' summary judgment motions are due on May 15,
2013, as previously agreed by the Parties.

        Thank you for your attention to this matter.

                                        Respectfully submitted,

                                        /s/   Jyotin Hamid_____


cc:  Counsel of Record (via ECF)

Encl.

# ATTACHMENT

# FINNEGAN

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

DOUGLAS A. RETTEW
202.408.4161
doug.rettew@finnegan.com

April 5, 2013

David Bernstein, Esq.
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022

**By Email & U.S. Mail**

<u>Under Armour, Inc. v. Body Armor Nutrition, LLC</u>

Dear David:

We write about a serious issue that came to light during Andrew Lloyd's deposition earlier this week.

Mr. Lloyd's testimony confirms that confusion with Under Armour has been occurring on a regular basis for some time. Body Armor had a duty to investigate and disclose that confusion. It has failed to do so, despite our repeated requests that an appropriate investigation be undertaken. Instead, Body Armor represented to us that it had investigated potential confusion and found none. It is now apparent that Body Armor did not adequately investigate— and thus suppressed—actual confusion evidence that should have been reported long ago.

Mr. Lloyd testified that about 2-3 people *a day* ask him whether Body Armor and Under Armour are affiliated. He estimates that this has happened with possibly as many as 450 people over the last year. In addition to questions about affiliation, Mr. Lloyd acknowledged that about 20 people have confused Body Armor and Under Armour in other ways. Mr. Lloyd was never asked by Body Armor to provide any information about such matters or told to report any such instances to any of his superiors.

During nearly a year of litigation, Body Armor not once identified a single instance of confusion and has in fact denied that confusion occurs—including its pleading to the Court that "[i]t is impossible that consumers or retailers of either brand would confuse the two." (Amended Answer, p.2 of "Preliminary Statement.") We learned about this repeated confusion for the first time after the close of discovery and during the final thirty minutes of depositions scheduled in this case. And we only took this deposition because our own investigation revealed the actual confusion that Mr. Lloyd now confirms under oath. Simply put, Body Armor stonewalled discovery about actual confusion and tried to run out the discovery clock, leaving it to Under Armour to unearth this confusion itself.

David Bernstein, Esq.
Page 2

     Body Armor's obligations to investigate and preserve relevant facts are undeniable. Equally undeniable is the fact that Body Armor did not undertake an adequate investigation to learn about confusion and consumer inquiries that its employees experience multiple times every day. Mr. Lloyd—a Body Armor brand ambassador who describes himself as a public "face of Body Armor" and "the one who makes the connection between the drink and the customer"— was never asked to record or report this highly relevant information. Specifically, Mr. Lloyd testified:

| | |
|---|---|
| Question: | Do you document when these people ask you if Under Armour and Body Armor are affiliated? |
| Answer: | No. |
| Question: | Have you been asked to document it? |
| Answer: | No. |
| Question: | Have you reported these instances to anyone? |
| Answer: | No. |
| Question: | Have you been asked to report these instances to anyone? |
| Answer: | No. |

             …………..

| | |
|---|---|
| Question: | Have you reported these 20 incidents of confusion to anyone? |
| Mr. Kagan: | Objection; mischaracterizes testimony. |
| Answer: | No. |
| Question: | Have you been asked to report instances of confusion with Under Armour to anyone? |
| Answer: | No. |

     The information that Mr. Lloyd disclosed in his testimony and that Body Armor has long been obligated to record and produce to Under Armour clearly falls within Under Armour's Interrogatory Nos. 4 and 5, which state:

**Interrogatory No. 4**: Describe all instances of confusion or mistake between the parties, their Marks, and/or their products.

**Interrogatory No. 5**: Describe in detail all inquiries/comments that Defendant has received referring or relating to Under Armour (including without limitation its Marks, products, stores, and websites).

     Additionally, as recently as February 22, we wrote to you expressing our concern that Body Armor failed to disclose instances of confusion that it has known about. We asked that Body Armor promptly identify all employees who were asked about confusion in response to Under Armour's discovery requests, when they were asked, and for Body Armor to supplement its discovery responses to identify all confusion.

     You responded that "Body Armor cannot reasonably obtain detailed information about all verbal inquiries or comments that it has received referring or relating to Under Armour since the

David Bernstein, Esq.
Page 3

filing of the Complaint in this case…It is not reasonably possible, however, for us to obtain information about all verbal instances of such inquiries or comments, let alone detailed information."

We, however, were able to obtain this information from Mr. Lloyd in a matter of minutes through just a few simple questions. Body Armor could have obtained the information even more quickly, easily, and inexpensively—but chose not to. Because Body Armor dispensed with its duty to collect and preserve evidence of confusion, allowing memories to fade or such evidence to be lost, we will never know its full magnitude. This spoliation of highly relevant evidence is a serious matter.

Given the nature of Body Armor's conduct and its obvious impact on this case, we intend to bring this matter to the Court's attention and seek all available remedies. Before doing so, however, the local rules require us to meet and confer with you to explore ways to resolve the matter without involving the Court. To that end, Under Armour would agree to refrain from seeking intervention by the Court provided that Body Armor agrees to the following:

1. A jury instruction that Body Armor regularly encounters actual confusion with Under Armour;

2. A jury instruction that people regularly ask Body Armor whether it is associated/affiliated with Under Armour; and

3. Body Armor will not introduce any survey evidence.

Please let us know your earliest availability to meet and confer. Considering the seriousness of this matter, we would appreciate hearing from you as soon as possible.

Sincerely,

Douglas Rettew / DA

Douglas A. Rettew

DA

cc:     Robert D. Litowitz, Esq.
        Mark Sommers, Esq.
        Danny M. Awdeh, Esq.