# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNDER ARMOUR, INC., | * | |
| Plaintiff | * | |
| v. | * | CIVIL No. JKB-12-1283 |
| BODY ARMOR NUTRITION, LLC, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are Defendant Body Armor Nutrition, LLC's ("Defendant") motion to seal (ECF No. 102) and Plaintiff Under Armour, Inc.'s ("Plaintiff") motion to seal. (ECF No. 103.) These filings regard various documents in connection with the parties' competing motions for summary judgment. The parties' prior motions to seal (ECF Nos. 59, 65, 74, 78, 89, 92) were denied without prejudice by the Court in its August 23, 2013 order. (ECF No. 97.) The Court's denial of parties' motions was based on the Court's finding that the parties had "provided only the barest support for the motions to seal, usually relying on the protective order in this case." (ECF No. 96.) However, the Court finds that the present motions, which are more limited in scope than the parties' prior motions filings, are sufficiently supported by specific factual representations.

There is a "presumption of access accorded to judicial records." *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). In the Fourth Circuit, "a First Amendment right of access attaches to documents filed in connection with a summary judgment motion" in civil cases. *ACLU v.*

*Holder*, 652 F. Supp. 2d 654, 661 (E.D.V.A. 2009) (citing *Rushford*, 846 F.2d at 253). However, "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion." *Rushford*, 846 F.2d at 253. Under the First Amendment, a "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* (citing multiple cases). The party seeking to prevent access to judicial documents filed in connection with a summary judgment motion has the burden of establishing "that the denial [of access] serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." *Id.*

In determining whether the materials at issue should be sealed, the Court must follow the following procedure: (1) give the public adequate notice that the sealing of documents may be ordered; (2) provide interested persons an opportunity to object to the requests before the Court makes its decision; (3) if the Court decides to seal documents, it must state its reasons on the record, supported by specific findings; and (4) state its reasons for rejecting less restrictive alternatives. *Rushford*, 846 F.2d at 253-54 (citing *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984)).

In order to satisfy the first requirement, the Court must "give the public adequate notice that the . . . sealing of documents may be ordered," and the motion must be docketed reasonably in advance of its disposition "so as to give the public and press an opportunity to intervene and present their objections to the court." *In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986). As required by Local Rule 105.11, the Court has allowed more than 14 days to elapse after the motions were entered on the public docket to permit the filing of objections by interested parties. Therefore, the Court has given the public adequate notice that it may order the sealing of the documents at issue.

The Court has also satisfied the second requirement. The Court has given the parties time to submit responses to the various motions. No members of the public or press intervened or otherwise indicated opposition to the motions, but the Court would have allowed any such parties to present arguments in opposition.

The Court has also satisfied the third and fourth requirements. It has reviewed the parties' submissions and finds that the reasons the parties have advanced for sealing the documents at issue and rejecting less restrictive means of protecting the information therein are sufficient. In order to meet their *Rushford* burden, the parties must "explicitly identify information akin to trade secrets, and describe how its release will result in an unfair commercial disadvantage." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 123 (D. Md. 2009). The parties must provide "specific factual representations" to justify their arguments. *See id.* at 123-24; *see also* Local Rule 105.11. The parties must establish "that the denial [of access to these records] serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." See *Rushford*, 846 F.2d at 253.

Here, both parties have provided adequate support for their respective motions. Defendant seeks to seal two documents that contain "sensitive and confidential financial information." (ECF No. 102 ¶ 4.) This "non-proprietary information . . . could enable a competitor to discern Body Armor's sale and marketing strategy and its financial position." (*Id.*) Further, as Defendant has alleged, there is no alternative to sealing that would suitably protect this information.

Plaintiff's motion seeks to seal a far greater number of documents. (ECF No. 103 ¶¶ 1-2.) However, this motion too is adequately supported by specific factual representations. First, the Court notes that in response to Defendant's response to Plaintiff's motion (ECF No. 105),

Plaintiff has limited the scope of its request to seal. (ECF No. 106 ¶ 10.) Second, the documents that Plaintiff now seeks to have sealed all contain "detailed proprietary information about how existing products are being marketed and sold as well as plans for the possible development of new product lines. They also include proprietary marketing studies . . . . Disclosing this information would provide insight into Under Armour's business strategies, sales, and marketing, thereby placing Under Armour at a competitive disadvantage." (ECF No. 106 ¶ 12.) The court finds that sealing this information would neither violate the First Amendment right of access nor significantly prejudice Body Armor as this information has the potential to put Under Armour at an unfair commercial disadvantage. (ECF No. 105 ¶ 6.) Further, sealing these documents is the least restrictive means of protecting the information contained therein. The Court notes that Plaintiff has provided redacted versions of the documents it seeks to seal so as to ensure the public has access to non-proprietary information. (ECF No. 106, Exs. A-H).

Therefore, for the reasons stated, it is ORDERED that Defendant's motion to seal (ECF No. 102) is GRANTED. It is further ORDERED that Plaintiff's motion to seal (ECF No. 103) is GRANTED with regard to the documents listed in Defendant's reply brief (ECF No. 106 ¶10.)

Dated this  1st  day of November, 2013

BY THE COURT:

/s/
James K. Bredar
United States District Judge